ABRAM RATKOWSKY, Respondent, *v.* A. RATKOWSKY, INC., Appellant.

First Department, February 21, 1918.

**Injunction — suit to enjoin use of trade name by corporation — sale of business and good will to corporation — proof not justifying injunction.**

Suit to enjoin the defendant corporation from using the name " A. Ratkowsky, Inc.," *unless the letters* " Inc." *be printed in letters of the same size and legibility as the preceding words.* It appeared that the plaintiff had conducted a business in his own name and transferred the same, together with the good will and assets, to a corporation of the same name formed by him, and, after the corporation had become financially involved and his brother had lent financial aid, the plaintiff sold his stock in the corporation to his brother and agreed not to engage in a similar business

within a certain district in the city of New York. Immediately after severing his connection with the corporation the plaintiff established himself in the same business one block beyond the prohibited zone and thereafter brought the present suit for an injunction. Evidence examined, and *held*, that the course of the plaintiff does not commend itself to a court of equity and that a temporary injunction should be vacated.

APPEAL by the defendant, A. Ratkowsky, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of December, 1917, granting plaintiff's motion for an injunction *pendente lite.*

*Harry A. Gordon* of counsel [*Reuben Tally* with him on the brief; *Harry A. Gordon,* attorney], for the appellant.

*Alvin C. Cass* of counsel [*Cass & Apfel,* attorneys], for the respondent.

SHEARN, J.:

Upon the application of the plaintiff, Abram Ratkowsky, the defendant corporation, A. Ratkowsky, Inc., has been enjoined *pendente lite* from using the name " A. Ratkowsky " and from using the name " A. Ratkowsky, Inc.," unless the letters " Inc." be printed or displayed in letters of the same size and legibility as the words or letters " A. Ratkowsky." Plaintiff established himself in the fur business at 28–34 West Thirty-fourth street, New York city, in January or February, 1915, and conducted it under the name " A. Ratkowsky " until April 15, 1916, when he formed the defendant corporation, transferring to it, in consideration of its entire capital stock, " the business now conducted by me at 28–34 West 34th Street, in the Borough of Manhattan, City of New York, a statement of the assets and liabilities of which is hereto attached, together with the good will thereof and the leases of the premises now occupied by me at 28–34 West 34th Street." Prior to forming the corporation plaintiff advertised his business extensively as " A. Ratkowsky " in and about the premises, at the railroad stations and in the subway cars. The signs bearing the advertisements were continued by the defendant corporation, and are the signs which the defendant is restrained from

using. In April, 1916, plaintiff was in financial difficulties, the banks having refused to make further loans, and his brother, Bernard Ratkowsky, came to his assistance, loaning him $5,000 toward the end of April, 1916, and indorsing $15,000 notes in May, 1916, which the plaintiff cashed. The business went from bad to worse and, on bankruptcy being threatened, Bernard Ratkowsky was prevailed upon to enter the business and finance it in an effort to save it. Accordingly, on August 17, 1916, the capital stock of the defendant was increased by $25,000 preferred stock, which was issued to Bernard Ratkowsky for $25,000 cash invested by him. The plaintiff and his brother were employed of record by the corporation, the former at a salary of $5,000 per annum, and the latter at a salary of $10,000. On June 15, 1917, plaintiff's salary was increased to $10,000 per annum, and the common stock of the corporation was divided so that Bernard Ratkowsky received fifty-one per cent and the plaintiff forty-nine per cent under an agreement, however, that the profits upon the common stock were to be divided equally. In addition to the loans and investments above mentioned, Bernard Ratkowsky loaned various other sums to the business, aggregating some $16,000, and devoted all of his time and attention to the business. Disputes arose, and on October 9, 1917, plaintiff informed his brother that he desired to withdraw from the business and enter the motion picture film business and proposed that his brother buy plaintiff's forty-nine per cent of the common stock. The proposition was accepted and an agreement executed under which Bernard Ratkowsky paid the plaintiff $40,000. The agreement provided that: " He [plaintiff] will not, for a period of ten years from the date hereof, directly or indirectly as principal, agent or employee, be engaged, interested or employed in any fur business of any nature or kind which is conducted under the firm name or style or trade name embracing the word ' Ratkowsky ' or any similar name, within an area of three blocks in all directions from 34th Street, in the Borough of Manhattan, City, County and State of New York, bounded by Fifth Avenue on the east and Sixth Avenue on the west."

Immediately after plaintiff severed his connection with the defendant corporation he established himself in the fur busi-

ness at 435 Fifth avenue in the borough of Manhattan, New York city, between Thirty-eighth and Thirty-ninth streets, one block beyond the prohibited zone fixed in the contract, and commenced advertising extensively his business as " My New and Only Store, A. Ratkowsky," " The Original A. Ratkowsky," and " my new and only address." The plaintiff then insisted that the defendant, which had duly acquired the right to the trade name " A. Ratkowsky " and to the signs long used in the business (the good will and fixtures being valued in the agreement at $65,000), should desist from using the name " A. Ratkowsky " in its advertising or in connection with its business unless the letters " Inc." were conspicuously made a part thereof. While the defendant was obliged under the General Corporation Law (Consol. Laws, chap. 23 [Laws of 1909, chap. 28], § 6, subd. 1, as amd. by Laws of 1913, chap. 24; Laws of 1916, chap. 222, and Laws of 1917, chap. 594) to append the letters " Inc." to its name, this was the concern of the State and not of the plaintiff. Nevertheless, the defendant agreed to and did proceed to append the letters " Inc." to its name, but this was not done in conspicuous type, whereupon the plaintiff sued and obtained this injunction.

In view of the facts above recited, the course of the plaintiff is not one to commend itself to a court of equity. Having persuaded his brother to come to his assistance and make these very considerable loans and also to enter upon the burden and hazard of making the business successful, involving a large investment and all of the brother's time and attention, and knowing full well that the good will of the business carried the right to employ the trade name " A. Ratkowsky," if not as a corporation name at least to identify the established business, the plaintiff proceeded to do all in his power to injure that good will and lead the public to believe that the fur business, theretofore conducted under the name " A. Ratkowsky " in Thirty-fourth street, had been either abandoned or moved to plaintiff's Fifth avenue address by advertising his new business as " My New and Only Store, A. Ratkowsky," " The Original A. Ratkowsky," and " my new and only address." While under the agreement the plaintiff had a right to resume the fur business outside the prohibited

zone, and while he had a right to use his own name, it was his duty, especially under the circumstances of this case, so to use his name as not to inflict unnecessary injury upon the established business of the defendant, built up and conducted under the name " A. Ratkowsky." It is to be noted that the plaintiff did not even employ his own full name to identify his new business but abbreviated the name so that it was identical with the name of the established business, the good will of which had been sold to the defendant. It is difficult to perceive in this anything except a deliberate intent to injure the business of the defendant and lead the public to believe that the plaintiff was conducting at the Fifth avenue address the business established and known to the trade, conducted by the defendant at the old Thirty-fourth street address. Under the circumstances disclosed, the injunction was unwarranted, and the order appealed from should be reversed, with ten dollars costs and disbursements, and the injunction vacated, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and injunction vacated, with ten dollars costs.